ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLENN RICE, | ) | CASE NO. 1:06CV2264 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| STUART HUDSON, Warden, | ) | <u>AND ORDER</u> |
| | ) | [RESOLVING DOC. 15] |
| Respondent. | ) | |

Following his conviction and sentence, Petitioner Glenn Rice, a.k.a. Glen Rice, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The case was referred to Magistrate Judge David S. Pearlman for a Report and Recommendation. The Magistrate Judge subsequently issued a Report and Recommended Decision (Doc. 14). In his Report, the Magistrate Judge recommends that the Court dismiss the petition without further proceedings. Petitioner filed Objections to the Magistrate Judge's Report (Doc. 15). This Court, after reviewing the objections, hereby adopts the Report and DISMISSES the petition.

**I. Facts**

In October 2002, Petitioner was indicted on five counts of rape, as defined in Ohio Rev. Code § 2907.02, each with a sexually violent predator specification. Petitioner's charges resulted from his relationship with the victim, his biological daughter. On January 9, 2003, a

jury found Petitioner guilty on all five counts and he was sentenced to five consecutive sentences of ten years to life. Petitioner appealed his conviction on multiple occasions in state court, raising numerous issues. All of Petitioner's appeals at the state level have been exhausted. On September 20, 2006, Petitioner filed the instant petition for a writ of habeas corpus.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

## III. Law & Analysis

A. The Court will not make a *de novo* review of the Magistrate Judge's finding that the Petitioner's second, third, fourth, fifth and sixth claims for relief are procedurally defaulted.

First, Petitioner objects to the Magistrate Judge's recommendation that Petitioner's second, third, fourth, fifth, and sixth claims for relief are procedurally defaulted. Petitioner makes no specific objections to this finding, but simply states that Petitioner adopts the arguments in the Traverse and maintains that there is no procedural default.

Courts have not required *de novo* issue review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

findings and recommendations." *Russell v. Hudson*, No. 1:06CV0485, 2008 U.S. Dist. LEXIS 49444, at *13 (N.D. Ohio June 26, 2008) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted)). Consequently, "the Court has absolutely no duty to sort through . . . pages of discussion devoted to a variety of legal issues . . . in order to locate objections to the R & R." *Id.* at 12-13. The Magistrate Judge sufficiently dealt with the assertions put forth by Petitioner in the Traverse. Petitioner made no other objection except to refer back to the arguments made in the Traverse. Therefore, the Court will not make a *de novo* review of whether the second, third, fourth, fifth, and sixth claims are procedurally defaulted.

B.  *Crawford v. Washington*, 541 U.S. 36 (2004), is not applicable in the instant case. Additionally, the Court adopts the Magistrate Judge's recommendation that claim one lacks merit.

Petitioner also objects to the Magistrate Judge's failure to address his claim that the Ohio Supreme Court ignored the *Crawford* decision. The Magistrate Judge did not review the effect of that case. However, as will be discussed, *Crawford* has no applicability to this case.

On February 11, 2004, Petitioner appealed the appellate court ruling to the Ohio Supreme Court alleging several issues, including that his rights under the United States Constitution were violated when the trial court allowed impermissible hearsay testimony from the victim's mother and a social worker in violation of his rights to a fair trial. *Crawford* was decided March 8, 2004. On May 26, 2004, just weeks after the *Crawford* decision, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question, *State v. Rice*, 102 Ohio St.3d 1458 (2004), and Petitioner did not further appeal to the United States Supreme Court.

3

While his direct appeal was pending with the state supreme court, Petitioner filed in the state court of appeals an application to reopen his direct appeal pursuant to Ohio R.App.P. 26(B). Petitioner claimed that his appellate counsel should have argued that Ohio Evid. R. 803(2), (4) and 807 violate the confrontation clause of the Sixth Amendment of the United States Constitution under *Crawford*. The Ohio Court of Appeals denied the application, stating:

> appellate counsel cannot be considered ineffective for not arguing *Crawford*. He submitted his brief on August 6, 2003, and this court decided the case in December 2003. *Crawford* was not decided until 2004. Thus, it was impossible for appellate counsel to rely on *Crawford* in forming his appellate arguments.

*State v. Rice*, No. 82547, 2005 WL 1541007, at ¶ 17 (Ohio Ct. App. June 28, 2005). The Supreme Court of Ohio did not accept for review Petitioner's appeal of the denial of his Rule 26(B) application. *State v. Rice*, 106 Ohio St.3d 1548 (2005).

In *Crawford*, the defendant's wife did not testify against her husband because of a marital privilege, but the trial court admitted statements made by the wife during a police interrogation pursuant to the reliability test under *Ohio v. Roberts*, 448 U.S. 56, 100 (1980). The Supreme Court reversed the trial court, because, under the Confrontation Clause of the Sixth Amendment, a defendant has the right to cross-examine testimonial statements made by witnesses such as responses to police interrogation. The Court stated that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford*, 541 U.S. at 59. The Supreme Court refused to rule on what statements are testimonial and what statements are not, but the Court stated that at a minimum it applies to "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id.* at 68. These were situations that the Court believed were ripe for the coercion and abuse that the Confrontation

4

Clause of the Sixth Amendment was targeted towards. *Id.* However, if hearsay evidence is determined to be nontestimonial, then *Roberts* is controlling. *U.S. v. Johnson*, 440 F.3d 832, 843-44 (6th Cir. 2006). The Sixth Circuit has stated the proper inquiry into whether a statement is testimonial or not is "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime." *U.S. v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004).

First, Petitioner challenges the trial court's decision to permit the victim's mother to testify about statements made to her by the victim under the "excited utterance" exception to the hearsay rule. The mother testified that in August 2001, while assisting the four-year-old victim to the toilet, the victim complained that Petitioner "stuck his fingers in her [vagina]." The victim's mother also testified that in the late summer of 2002, while awaiting the victim's discharge from the hospital, the victim stated that Petitioner hurt her with his male organ.

Courts have generally held that statements made in private conversations to friends and family members are not testimonial. *See e.g.*, *U.S. v. Franklin*, 415 F.3d 537, 545 (6th Cir. 2005) (holding that statements made to a "friend and confidant" are not testimonial for purposes of the Confrontation Clause); *U.S. v. Peneaux*, 432 F.3d 882, 896 (8th Cir. 2005) (holding that statements made by child abuse victim to a foster parent were not testimonial because the foster parent was not an agent of the state); *U.S. v. Lee*, 374 F.3d 637, 645 (8th Cir. 2004), *cert. denied*, 545 U.S. 1141 (2005) (holding co-defendant's statements to his mother were not considered testimonial because they had greater similarity to casual remarks than formal testimony); *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004), *cert. denied*, 543 U.S. 1067 (2005) (holding murder victim's statements to friends that defendant had abused her like O.J. Simpson

5

and that she might end up like Nicole Simpson were considered nontestimonial); *U.S. v. Mikos*, 2004 WL 2091999, 18 (N.D. Ill. July 16, 2004) (holding that statements to sister that defendant tried to get her to lie to investigators were nontestimonial because of the lack of governmental involvement). Indeed, as *Crawford* itself points out, "a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." 541 U.S. at 51.

In the instant case, the victim made an uncomfortable confession to her mother about something that was bothering her mentally and physically. The four-year-old victim most likely did not comprehend that this information could be used in future litigation against her father nor did she likely understand the legal ramifications of her statements. Furthermore, the victim's statements do not fall under the *Crawford* umbrella, which includes "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Crawford*, 541 U.S. at 68. Finally, when the victim was questioned by her mother, there was no government involvement and no evidence of coercion. Therefore, the Court finds the victim's statements to her mother about the abuse are nontestimonial in nature because a reasonable four-year-old would not expect her statements to be used in legal proceedings and the statements showed no evidence of coercion.

Next, Petitioner challenges the trial court's decision to permit the victim's social worker, Patricia Altier, to testify about statements made to her by the victim under the "medical treatment" exception to the hearsay rule. Altier was assigned by the county department of Children and Family Services after the first reports of abuse to the victim. Altier had three conversations with the victim about the reported abuse. She referred the victim to sex abuse

treatment. Altier stated that her investigation of the sexual abuse allegations was primarily for the purpose of determining whether "medical attention" or "psychological help" was indicated for the victim.

Courts have generally held that statements provided to a social worker or medical provider, without the presence of law enforcement, are not considered testimonial. For example, in *Peneaux*, *supra*, the defendant challenged his conviction for aggravated sexual abuse of a child. The defendant, in part, contended that statements by the victim to an examining doctor should be considered inadmissible because of their testimonial nature. The court held, in part, that the questioning by the doctor "lacked the 'formality of . . . questioning,' the substantial 'government involvement,' and 'the law enforcement purpose' present in *Bordeaux*." 432 F.3d at 896 (citing *U.S. v. Bordeaux*, 400 F.3d 548, 555-56 (8th Cir. 2005)).

Likewise, the victim's statements to Altier were not testimonial in nature. As Altier testified, her purpose was not to collect information for law enforcement purposes, but instead to collect information in order to refer the victim for the correct medical or psychological treatment. In fact, Altier did refer the victim for sex abuse treatment. *See State v. Stahl*, 111 Ohio St.3d 186, at ¶ 43 (2006) (statements made by rape victim to nurse practitioner during an emergency room examination at unit of hospital specializing in treating sexual assault victims, in which victim identified defendant as her assailant, were not rendered testimonial for purposes of Confrontation Clause analysis on basis that nurse practitioner's taking of evidence showed unit's prosecutorial purpose; emergency rooms routinely performed such procedures, and a witness in such situation could have reasonably believed that unit's medical examination served primarily a medical function). Furthermore, as noted above, the four-year-old victim

most likely did not comprehend that her statements to the social worker were going to be used against Petitioner in future litigation.  Lastly, the victim's statements to Altier do not fall under the *Crawford* umbrella, which includes "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Crawford*, 541 U.S. at 68.

The recent Supreme Court decision of *Melendez-Diaz v. Massachusetts*, 557 U.S. ---, 129 S.Ct. 2527 (2009) , regarding hearsay and Sixth Amendment law, is inapplicable to the case at bar.  In *Melendez-Diaz*, the Court held that certificates of laboratory analysts asserting that material seized by police and connected to the defendant was cocaine and was of a certain quantity was testimonial in nature.  Therefore, admission of such evidence denied the petitioner his Sixth Amendment right to confront the witnesses against him.  *Id.* at 2542.  The Supreme Court found such certificates to be affidavits, which are part of the "core class of testimonial statements" covered by the Confrontation Clause.  *Id.* at 2532 (quoting *Crawford*, 541 U.S. at 51-52).  Unlike *Melendez-Diaz*, the present case does not involve laboratory certificates, nor does it involve hearsay admitted through affidavits.

Therefore, for all of the above reasons, *Crawford* is not applicable to the instant case.  Petitioner's first claim, that the trial court allowed impermissible hearsay from the alleged victim's mother and social worker, is meritless.

### IV. Conclusion

For the reasons set forth herein, this Court ADOPTS the recommendations in the Report of the Magistrate Judge.  Accordingly, the petition is hereby DISMISSED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Fed.R. Civ.P. 58.

IT IS SO ORDERED.

| | |
|---|---|
|  August 4, 2009 |   /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |